IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE – NORTHERN DIVISION

| | |
|---|---|
| **WESTFIELD NATIONAL INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>and<br><br>**UNITED STATES LIABILITY INSURANCE COMPANY**<br>**1190 DEVON PARK DRIVE**<br>**WAYNE, PA 19087**<br><br>**PLAINTIFFS**<br>v.<br><br>**STEVE MCRAE D/B/A MCRAE PLUMBING & EXCAVATING**<br>**6444 ASHEVILLE HIGHWAY**<br>**KNOXVILLE, TN 37924**<br><br>**DEFENDANT** | CIVIL ACTION NO.: 2:20-cv-00115<br><br>JURY DEMAND<br><u>ENDORSED HEREON</u> |

## AMENDED COMPLAINT

Plaintiffs, Westfield National Insurance Company and United States Liability Insurance Company, by and through their undersigned counsel, hereby demand judgment against the Defendant, Steve McRae d/b/a McRae Plumbing & Excavating, and complain against them as follows:

## PARTIES

1.  Westfield National Insurance Company (hereinafter collectively "Plaintiffs" or "Westfield") is a commercial entity organized and existing under the laws of the State of Ohio, with its principal place of business located at One Park Circle, Westfield Center, OH 44251.

2. At all times relevant hereto, Westfield was duly authorized to engage in the business of (inter alia) property insurance in Tennessee.

3. At all times relevant hereto, Westfield provided property insurance, *inter alia,* to Pembroke Condominium Association (hereinafter "Pembroke") in connection with the property located at 508 Union Avenue, Unit 405, Knoxville, TN 37902 (hereinafter the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

4. In the wake of the water damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Westfield became subrogated to certain recovery rights and interests of Pembroke for monies paid thereunder, including the claims giving rise to the within cause of action.

5. United States Liability Insurance Company (hereinafter collectively "Plaintiffs" or "USLI") is a commercial entity organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1190 Devon Park Drive, Wayne, PA 19087.

6. At all times relevant hereto, USLI was duly authorized to engage in the business of (inter alia) property insurance in Tennessee.

7. At all times relevant hereto, USLI provided property insurance, *inter alia,* to Joanne Pellerano and Bob Richardson (hereinafter "Pellerano/Richardson") in connection with the subject property, under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

8. In the wake of the water damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), USLI became subrogated to certain recovery

rights and interests of Pellerano/Richardson for monies paid thereunder, including the claims giving rise to the within cause of action.

9. Upon information and belief, the Defendant, Steve McRae d/b/a McRae Plumbing & Excavating (hereinafter collectively "Defendant" or "McRae"), is an adult individual who does business as McRae Plumbing & Excavating with its principal place of business located at 6444 Asheville Highway, Knoxville, TN 37924. McRae was engaged in the business of, *inter alia,* plumbing work and did perform plumbing services for Plaintiff in Knox County, Tennessee, out of which this cause of action arises.

## JURISDICTION

10. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states: Westfield is an Ohio corporation with its principal place of business located at One Park Circle, Westfield Center, OH 44251; USLI is a Pennsylvania corporation with its principal place of business located at 1190 Devon Park Drive, Wayne, PA 19087; Defendant is a Tennessee corporation with its principal place of business located at 6444 Asheville Highway, Knoxville, TN 37924.

11. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

12. Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

13. McRae was a professional plumbing company retained to install a hot water heater at the subject property. McRae held itself out as having specialized knowledge concerning plumbing work and held himself out as an expert in that field.

14. On July 6, 2018, water damage occurred at the subject property due to a SharkBite brand fitting becoming detached from a pex tube/piping in the inlet piping assembly of the hot water heater installed by McRae.

15. The damages sustained by Plaintiffs are the direct and proximate result of the negligence and other liability producing conduct of Defendant, as more fully set forth below.

## COUNT I – NEGLIGENCE

16. Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

17. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of McRae, including negligent acts and/or omissions, as performed personally and/or by and through its agents, employees and/or servants, more specifically described as follows:

- (a) failing to exercise reasonable care in the performance of duties in the installation of a hot water heater and related components at the subject property, including, but not limited to, carelessly and negligently performing the following:

    - (1) failing to competently install a hot water heater and related components at the subject property in a safe and appropriate manner;

    - (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of a hot water heater and related components at the subject property; and/or

    - (3) failing to properly monitor the work of all agents and/or employees during the installation of a hot water heating and related components to ensure compliance with applicable codes.

- (b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraph (a);

- (c) failing to adequately warn Plaintiffs of the dangers associated with failing to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform their duties and tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards, which include but are not limited to NFPA 211;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above.

18. As a direct and proximate result of such conduct, Plaintiffs sustained damage to their real and personal property, as well as the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount not greater than $140,000.00, plus costs incident to this suit, prejudgment interest, post-judgment interest and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT

19. Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

20. In causing the damage as alleged in the preceding paragraphs, McRae breached the terms of its contract with Plaintiffs' subrogors to perform the above-described work at the property, either as expressed or implied therein and/or according to law.

21. For its part, Plaintiffs' subrogors performed all their obligations under the aforementioned contract, as well as all conditions precedent to recover on this count.

22. As a direct and proximate result of such conduct, Plaintiffs' subrogors sustained damage to their real and personal property, as well as the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount not greater than $140,000.00, plus costs incident to this suit, prejudgment interest, post-judgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF WARRANTIES

23. Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

24. In furtherance of the aforementioned services performed, McRae expressly and impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

25. Based upon the aforementioned improper conduct on the part of McRae, personally and through servants, employees, and/or agents as set forth above, McRae breached these warranties.

26. Plaintiffs' subrogors have performed all conditions precedent to recover based upon such breaches.

27. As a direct and proximate result of such conduct, Plaintiffs' subrogors sustained damage to their real and personal property, as well as the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount not greater than $140,000.00, plus costs incident to this suit, prejudgment interest, post-judgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances. Plaintiffs demand a jury to try this cause of action.

Respectfully submitted, this 22nd day of JUNE, 2020.

BUTLER, VINES AND BABB, PLLC

By:   s:\Edward U. Babb
      EDWARD U. BABB, BPR #013707
      Attorneys for Plaintiff
      2701 Kingston Pike
      Knoxville, TN 37919
      (865) 244-3926-Direct
      (865) 637-3385-Fax
      Email: ebabb@bvblaw.com

### **COST BOND**

We, the undersigned, acknowledge ourselves as Surety for costs of the clerk adjudged in this matter.

BUTLER, VINES AND BABB, PLLC

By:   s:\Edward U. Babb
      EDWARD U. BABB
      BPR #013707
      Attorney for Plaintiff